UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 1:20-cv-00226-NONE-JLT (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN ENTER JUDGMENT AND CLOSE CASE: AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. No. 6) |

    Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 2, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be dismissed as an unauthorized second and successive petition. (Doc. No. 6.) The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one days from the date of service. To date, no party has filed objections.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendation are supported by the record and proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability).

Where, as here, "the court denies habeas relief on procedural grounds without reaching the prisoner's underlying constitutional claims," the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]here a plain procedural bar is present . . . a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Because petitioner's pending application is clearly barred on jurisdictional grounds, in that it is a second or successive petition filed without the authorization of the Ninth Circuit Court of Appeals, this court will decline to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed March 2, 2020 (Doc. No. 6), are ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DISMISSED;

3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to ENTER JUDGMENT AND CLOSE THE CASE; and,

4. The court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **April 1, 2020**

UNITED STATES DISTRICT JUDGE

2